IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2002

## ANDRE WILSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-25387     Chris Craft, Judge**

_____

**No. W2001-02442-CCA-R3-PC - Filed April 17, 2002**

_____

On November 27, 1995, the Petitioner, pursuant to a negotiated plea agreement, pleaded guilty to six counts of aggravated robbery. The trial court sentenced the Petitioner to eighteen years incarceration for each count, to be served concurrently with each other and with a 1993 federal sentence of 137 months for armed bank robbery. On July 19, 2001, the Petitioner filed a petition for post-conviction relief and/or a writ of coram nobis based on the decision of federal authorities not to award him credit for the time he served in state custody. The post-conviction court denied relief based on the statute of limitations. The Petitioner now appeals, arguing that the post-conviction court erred in denying him post-conviction relief. Finding no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. DAVID G. HAYES, J., filed a dissenting opinion.

Andre Wilson, Pro Se, Memphis, Tennessee, the Appellant.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and James A. Wax, Jr., Assistant District Attorney General for the Appellee, State of Tennessee.

**OPINION**

On November 27, 1995, the Petitioner, Andre Wilson, pursuant to a negotiated agreement, pleaded guilty as a Range II, multiple offender to six counts[1] of aggravated robbery, a Class B felony. As part of the negotiated plea agreement, the Petitioner was sentenced to eighteen years

---

[1]Although an additional conviction was listed in the plea agreement, only six judgments were included in the technical record.

incarceration for each count in the Tennessee Department of Correction, to be served concurrently with each other and with his federal sentence.[2] On January 26, 1999, the Petitioner was released on parole from the Tennessee Department of Correction and taken into federal custody for the service of his federal sentence.

On July 19, 2001, the Petitioner filed a petition for post-conviction relief and/or writ of coram nobis based on the decision of federal authorities not to award him credit for the time he served in state custody. In his petition, the Petitioner argued that he was denied due process of law as his original plea of guilty was not entered voluntarily, knowingly and intelligently. Specifically, the Petitioner argues that he pleaded guilty based on the agreement that his eighteen-year sentence would be served concurrently with his federal sentence; however, the federal authorities refused to award him credit for the time he served in state custody.

According to the Petitioner, his federal sentence was computed for the first time in March 1999, and that is when he learned that he had not received any credit on his federal sentence for the time he served in the Tennessee Department of Correction. In his petition, the Petitioner stated that he delayed filing a petition for post-conviction relief because he "believed that [the] Federal Bureau of Prisons was the cause of his not receiving credit on his Federal sentence for the time he served in the State of Tennessee." The Petitioner stated that he exhausted his grievance remedies through the Federal Bureau of Prisons and was denied relief.

The post-conviction court denied relief based on the statute of limitations. In its order denying post-conviction relief, the post-conviction court noted that because the Petitioner did not appeal his guilty plea, "it plainly appears that the petition [was] not filed within the statute of limitations of one year." The post-conviction court also stated,

> It is clear from the facts alleged in the petition that when [the] Petitioner discovered he was not receiving credit for his Tennessee time, he chose to pursue federal remedies but did not choose to pursue those available in state court. Assuming the allegations in his petition to be true, and assuming the applicability of <u>Buford v. State</u>, 845 S.W.2d 204 (Tenn. 1995), and <u>Sands v. State</u>, 903 S.W.2d 297 (Tenn. 1995), which would toll the statute due to "a later-arising claim," more than one year has passed between the time of this alleged discovery, March of 1999, and the filing of the instant petition [on] July 19, 2001. Therefore, <u>Buford</u> and <u>Sands</u> cannot revive this late-filed petition.

The Petitioner now appeals, arguing that the post-conviction court erred in denying him post-conviction relief. In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn.

---

[2]The Petitioner was convicted on June 25, 1993 in the United States District Court for the Eastern District of Arkansas for armed bank robbery, a violation of 18 U.S.C. § 2113(d). The Petitioner was sentenced to a term of 137 months incarceration. The federal judgment and commitment order were silent as to the relationship to any forthcoming action by the State of Tennessee.

Code Ann. § 40-30-203. However, a petition must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. Id. § 40-30-202. In this case, the trial court's judgment of conviction was entered on November 27, 1995. The Petitioner never filed an appeal from his guilty plea, and the Petitioner did not file a petition for post-conviction relief until July 19, 2001. Thus, the petition was untimely.

Although the Petitioner filed his petition outside the one-year limit, he argues that he is nevertheless entitled to relief because he did not learn of the claim until more than one year after the final judgment. A "later-arising" claim may toll the statute of limitations. See Seals v. State, 23 S.W.3d 272, 278 (Tenn. 2000); Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). The following framework should be considered in determining if the statute should be tolled:

> (1)determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands, 903 S.W.2d at 301. "To determine whether a petitioner was denied a reasonable opportunity to present a claim, a court must balance the liberty interest in collaterally attacking the constitutional violations occurring during the conviction process against the State's legitimate interest in preventing the litigation of stale and fraudulent claims." Wright v. State, 987 S.W.2d 26, 28 (Tenn. 1999).

In this case, the Petitioner was made aware in March 1999 that he had not received credit on his federal sentence for the time he served in the Tennessee Department of Correction; however, he did not file a petition for post-conviction relief until July 19, 2001. Even if the statute were tolled until the claim was discovered, the Petitioner's petition was not timely. The Petitioner had a "reasonable opportunity" to present his claim. Id. However, the Petitioner failed to file a petition for post-conviction relief until more than two years after the discovery that he had not received credit on his federal sentence for the time he served in the Tennessee Department of Correction.

Accordingly, the judgment of the post-conviction court is AFFIRMED.

_____

ROBERT W. WEDEMEYER, JUDGE

-3-